IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CHABON WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09-1326-EFM-DWB |
| | ) |
| HAWKER BEECHCRAFT CORP., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER ON IFP STATUS AND
APPLICATION FOR APPOINTMENT OF COUNSEL**

Plaintiff Chabon Wilson has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application), which includes an Affidavit of Financial Status. (Doc. 3, sealed.) He also has filed a Motion for Appointment of Counsel. (Doc. 4.) Having reviewed Plaintiff's motions, as well as his Complaint (Doc. 1), the Court is prepared to rule.

**I.      Motion to Proceed *In Forma Pauperis***

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis*

when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See* ***Patillo v. N. Am. Van Lines, Inc***., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 38 years old and married with two dependents living with him. (Doc. 3, sealed, at 1-2.) The dependents are his stepchildren, but Plaintiff indicates he provides "full" financial support for the children without providing an actual amount as requested by the form. (*Id*., at 2.) Plaintiff is currently unemployed, but was most recently employed for three and a half months by Staffmark, "packing air conditioners." (*Id*., at 4.) His wife is currently employed as a sales and marketing assistant, earning a modest weekly wage. (*Id*.)

Plaintiff and his wife own no real property, but do own one modest automobile outright. (*Id*., at 4-5.) He indicates they have no cash on hand. (*Id*.,a t 5.) He does indicate a weekly unemployment benefit, but the Court has no way of

knowing if this amount is on-going and/or when it will expire. (*Id.*) He lists the typical monthly expenses, including rent, utilities, gas, telephone, and groceries. (*Id.*, at 6.) He also has a sizeable monthly student loan payment. (*Id.*)

Considering all of the information contained in the financial affidavit, Plaintiff's monthly expenses would appear to exceed his monthly income by several hundreds of dollars a month.[1] Given this significant shortfall of income, the Court finds that Plaintiff has established that he is entitled to file this action without payment of fees and costs, despite the cash he has on hand. Therefore, the Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and directs that this case be filed without payment of a filing fee.

## II.     Motion for Appointment of Counsel

Plaintiff also has filed an Application for the Appointment of Counsel. (Doc. 3). The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

---

[1] This is true even assuming Plaintiff continues to receive the weekly unemployment payment. If this payment has expired and/or will expire soon, Plaintiff's financial situation is even more dire.

the aid of counsel. ***McCarthy v. Weinberg***, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); ***Castner v. Colorado Springs Cablevision***, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. ***Castner,*** 979 F.2d at 1421.

The Court does not dispute that Plaintiff has a limited ability to afford counsel as the Court previously granted Plaintiff's application to proceed *in forma pauperis*. He has not, however, engaged in a reasonable search for counsel. (Doc. 4, at 1-2.) According to his motion (Doc. 4), Plaintiff has contacted only one attorney regarding representation (although the form motion provides space for the names of six attorneys). Until Plaintiff has contacted at least five additional attorneys to discuss representation, the Court will not entertain Plaintiff's motion. His Motion for Appointment of Counsel (Doc. 4) is, therefore, **taken under advisement**. Plaintiff shall have until **December 31, 2009**, to contact the required number of attorneys and supplement his motion accordingly by identifying the details concerning the additional attorneys he has contacted. Failure to do so by

4

this deadline will result in the Court denying Plaintiff's motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Application for Leave to File Action Without Payment of Fees, Costs or Security (Doc. 3, sealed) is **GRANTED**. The Clerk of Court is directed to issue summons to defendant at the address shown on the pleadings.

**IT IS FURTHER ORDERED** that Plaintiff's application for appointment of counsel (Doc. 4) is **taken under advisement** as discussed above.

A copy of this Memorandum and Order is to be mailed to Plaintiff by U.S. Mail.

Dated at Wichita, Kansas, on this 25th day of November, 2009.

    s/ DONALD W. BOSTWICK
    DONALD W. BOSTWICK
    United States Magistrate Judge