# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHABON WILSON, )
)
        Plaintiff, )
)
vs. )   Case No. 09-1326-EFM-DWB
)
HAWKER BEECHCRAFT CORP., )
)
        Defendant. )
)

## ORDER ON APPLICATION FOR APPOINTMENT OF COUNSEL

Plaintiff Chabon Wilson previously filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed) and a Motion for Appointment of Counsel (Doc. 4). The Court granted Plaintiff's *IFP* application on November 25, 2009, but took his request for counsel under advisement. (Doc. 5.) The Court found that Plaintiff had not "engaged in a reasonable search for counsel" and instructed him to contact "at least five additional attorneys to discuss representation . . ." (*Id*., at 4.) Plaintiff has since provided the Court with the requested supplemental information (entitled "Amended Motion for Appointment of Counsel") (Doc. 6), and the Court is prepared to rule.

**A.**    **Factors to Consider in Appointing Counsel**.

As discussed in the Court's prior Order, the Tenth Circuit has identified four

factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing factors applicable to applications under Title VII). Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

The Court previously recognized Plaintiff's limited ability to afford counsel. (Doc. 5, at 4.) Based on the supplemental information he has provided, the Court now also finds he has engaged in a reasonable search for counsel. (Doc. 6.) The analysis thus turns to the remaining *Castner* factors: the merits of Plaintiff's case and his capacity to represent himself.

**B.      The Merits of Plaintiff's Case**.

When a plaintiff appears *pro se*, a court construes his pleadings liberally and

2

judges them against a less stringent standard than pleadings drawn by attorneys. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This does not mean, however, that a court is to become an advocate for the *pro se* plaintiff. *Hall*, 935 at 1110; *see also* **Haines v. Kerner**, 404 U.S. 519, 92 S.Ct. 594 (1972). A broad reading of a *pro se* plaintiff's Complaint does not relieve his burden to allege sufficient facts to provide the opposing party with fair notice of the basis of the claim or to allow the Court to conclude that the allegations, if proved, show Plaintiff is entitled to relief. *Hall*, 935 F.2d at 1110; *see also* **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473 (10th Cir. 1989). Liberally construing a *pro se* plaintiff's Complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.

In this case, Plaintiff completed the Civil Rights Complaint form provided by the Clerk of the Court, indicating that he was bringing the action for employment discrimination in violation of Title VII. (Doc. 1, at 1.) The form contains several statements written by Plaintiff describing the manner in which he

was allegedly discriminated against, including his contention that he "was terminated due to alleged poor work performance," while "similarly situated Caucasian employees were not terminated due to similar reasons." (*Id*., at 3.)

A liberal review of Plaintiff's Complaint reveals a pleading that provides Defendant with sufficient factual detail to respond. It has also provided the Court with enough information to determine that Plaintiff's claims are not frivolous on their face, for the purposes of this motion. In other words, if these allegations are proven, Plaintiff may be entitled to relief.[1]

The Court also sees no jurisdictional deficiencies in Plaintiff's Complaint. It is well settled that a plaintiff must exhaust his administrative remedies before bringing suit under Title VII. ***Aramburu v. Boeing Co.***, 112 F.3d 1398, 1409 (10th Cir.1997). Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission within six months of the termination of his employment and filed his federal court Complaint approximately sixty days after receipt of his right-to-sue letter from the agency. (*See generally*, Doc. 1.) The third ***Castner*** factor thus weighs in Plaintiff's behalf. This brings the Court to the final factor – Plaintiff's capacity to prepare and present the case without the aid of counsel. ***Castner***, 979

---

[1] The fact that Plaintiff has contacted the requisite number of counsel about his case and that none of them were willing to undertake his representation does suggest that the case may not be a strong one.

F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *See* **Kayhill v. Unified Govern. of Wyandotte**, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). In addition, Plaintiff did a capable job of navigating the procedure for filing an administrative complaint with the KHRC. He also filed his federal court Complaint in a timely manner and included sufficient factual detail. The Court therefore finds that Plaintiff appears to be an articulate individual with the ability to gather and present facts crucial to his case. Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

Further, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* in Courts throughout the United States on any given day. To the contrary, Plaintiff has shown his ability to represent himself by navigating the KHRC charging procedure and drafting his well-written federal court complaint, which sets out the operative facts to support

5

his claims. (*See generally*, Doc. 1.) As such, Plaintiff's Motion to Appoint Counsel is **DENIED** without prejudice to renewal later in these proceedings if Plaintiff can provide the Court with a sufficient showing of special circumstances that would warrant the appointment of counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's application for appointment of counsel (Doc. 4) and Plaintiff's amended application for appointment of counsel (Doc. 6) are **DENIED without prejudice** as discussed above.

A copy of this Memorandum and Order is to be mailed to Plaintiff by U.S. Mail.

Dated at Wichita, Kansas, on this 21st day of January, 2010.

    s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
United States Magistrate Judge