IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHABON WILSON,

    *Plaintiff,*

vs.

HAWKER BEECHCRAFT
CORPORATION,

    *Defendant,*

Case No. 09-1326-EFM

**MEMORANDUM AND ORDER**

On October 22, 2009, Plaintiff Chabon Wilson filed this pro se action against Defendant Hawker Beechcraft Corporation ("HBC"), alleging that HBC discriminated against him on the basis of race when it terminated him. According to Wilson's complaint, "On June 23, 2008 I was terminated due to alleged poor work performance. However, similarly situated Caucasian employees were not terminated due to similar reasons."[1] HBC contends Wilson was actually terminated for poor work performance. Specifically, HBC notes Wilson had a history of disciplinary problems and received three written reprimands over a four month period prior to his termination.

---

[1] Doc. 1, ¶ 10.

Before the Court is HBC's Motion for Summary Judgment.[2] Wilson's response to HBC's motion was due March 22, 2010; however, no response was filed. The Court is now prepared to rule on the motion.

**I. Background**

Wilson worked for HBC from October 29, 2007, until June 21, 2008, as a Sheet Metal Assembler. As a condition of their employment, HBC provides all employees with a copy of the company's Rules of Conduct. One of these rules, Rule No. 36, prohibits employees from "making scrap unnecessarily or careless workmanship."[3] The rule provides for a suspension of up to five days for the first offense and potential termination for any subsequent violation. In a four month period prior to Wilson's termination, HBC reprimanded Wilson on four occasions for violations of this rule. Wilson's first violation of the rule occurred on February 27, 2008. At this time, HBC informed Wilson he was not performing satisfactory and warned him that future violations of HBC Rules of Conduct could result in termination. The second violation occurred on March 7, 2008. This time, HBC gave Wilson a written reprimand and placed him on thirty days probation. The third violation occurred on May 19, 2008 and resulted in HBC suspending Wilson for three days and another written reprimand. After his fourth violation, on June 20, 2008, HBC terminated Wilson. Wilson now claims HBC did not terminate him in response to these violations, but rather because HBC discriminates against African Americans.

---

[2]Doc. 14. Also before the Court is a motion by Defendant titled "Motion for Judgment," (Doc. 15), in which it asks the Court to find Defendant's Motion for Summary Judgment unopposed and therefore grant judgment in Defendant's favor.

[3]Doc. 14, ¶ 9.

# I. Standards

Summary judgment is appropriate if the moving party demonstrates that "there is no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law."[4] "An issue of fact is 'genuine' if the evidence allows a reasonable jury to resolve the issue either way."[5] A fact is "material" when "it is essential to the proper disposition of the claim."[6] The court must view the evidence and all reasonable inferences in the light most favorable to the nonmoving party.[7]

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.[8] In attempting to meet this standard, the moving party need not disprove the nonmoving party's claim; rather, the movant must simply point out the lack of evidence on an essential element of the nonmoving party's claim.[9]

If the moving party carries its initial burden, the party opposing summary judgment cannot rest on the pleadings but must bring forth "specific facts showing a genuine issue for trial."[10] The opposing party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11] "To accomplish this, the

---

[4] Fed. R. Civ. P. 56(c).

[5] *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[6] *Id.*

[7] *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

[8] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

[9] *Id.* (citing *Celotex*, 477 U.S. at 325).

[10] *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

[11] *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein."[12] Conclusory allegations alone cannot defeat a properly supported motion for summary judgment.[13] The nonmovant's "evidence, including testimony, must be based on more than mere speculation, conjecture, or surmise."[14]

Finally, summary judgment is not a "disfavored procedural shortcut," but it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."[15]

Because Plaintiff is pursuing this action pro se, the Court must be mindful of additional considerations. For instance, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[16] With that said, though, there are limits to the Court's leniency. To begin with, a pro se litigant is not excused from complying with the rules of the Court and is subject to the consequences of noncompliance.[17] Therefore, when a pro se party fails to timely file a response, the Court will consider and decide the motion as an uncontested motion, and ordinarily, will grant the motion without further notice.[18] Although the Court may move forward without waiting for Plaintiff's response, the lack of response alone is not

---

[12]*Adler*, 144 F.3d at 671.

[13]*White v. York Int'l Corp.*, 45 F.3d 357, 363 (10th Cir. 1995).

[14]*Bones v. Honeywell Intern, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[15]*Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

[16]*Id.*

[17]*Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (insisting that pro se litigants follow procedural rules and citing various cases dismissing pro se cases for failure to comply with the rules)).

[18]D. Kan. R. 7.4(b).

enough to grant Defendant's motion.[19] Rather, the Court must still examine the pleadings to determine if summary judgment is appropriate.[20] By failing to file a response within the time specified by the local rule, Plaintiff waives the right to respond or controvert the facts asserted in the summary judgment motion.[21] As a result, the Court accepts as true all material facts asserted and properly supported in the summary judgment motion.[22] "[I]f those facts entitle the moving party to judgment as a matter of law [],the court will grant summary judgment."[23]

In addition to not overlooking violations of its procedural rules, "the court [also]will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues."[24]

## II. Analysis

Wilson brings this action claiming that HBC was engaged in racial discrimination when it terminated him and not other Caucasian employees who violated the same Rule of Conduct. HBC argues that Wilson's claim should be dismissed for two reasons: first, Wilson cannot establish a prima facie case of discrimination, and second, even if he could, summary judgment should be granted because HBC has offered a legitimate, non-discriminatory explanation for Wilson's termination and Wilson cannot prove that the offered reason is pretextual.

---

[19]*Reed v. Bennett*, 312 F.3d 1190, 1194-95 (10th Cir. 2002).

[20]*Id.*

[21]*Id.*

[22]*Id.*

[23]*Id.*

[24]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against its employees on the basis of race, color, religion, gender, or national origin.[25] To establish a claim under Title VII, a plaintiff must either provide direct evidence of the discrimination or rely on the familiar burden shifting framework set forth in *McDonnell Douglas Corporation v. Green.*[26] Under *McDonnell Douglas*, a plaintiff has the initial burden of establishing a prima facie case of discrimination.[27] This may be done by showing that the plaintiff: (1) was a member of a protected class; (2) was qualified and satisfactorily performing his job; and (3) was terminated under circumstances giving rise to an inference of discrimination.[28] Once a prima facie case is established, the burden shifts to the defendant to provide a legitimate, non-discriminatory explanation for the termination of the plaintiff.[29] If the defendant is able to provide this explanation, the burden shifts back to the plaintiff to provide evidence sufficient to support an inference that the offered explanation was merely pretextual.[30]

Here, summary judgment is warranted. The undisputed evidence before the Court shows that, in the four months leading up to HBC's decision to terminate Wilson, HBC reprimanded Wilson on four occasions for unsatisfactory work performance. Further, it shows that of the 118 employees that were terminated in 2008 for unsatisfactory job performance, 72 were Caucasian.[31]

---

[25] 42 U.S.C. § 2000e, *et seq.*

[26] 411 U.S. 792, 802-04 (1973); *MacKenzie v. Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005).

[27] *MacKenzie*, 414 F.3d at 1274.

[28] *Salguero v. City of Clovis*, 366 F.3d 1168, 1175 (10th Cir. 2004).

[29] *MacKenzie*, 414 F.3d at 1274.

[30] *Id.*

[31] Doc. 14, ¶ 19.

Nothing in the factual record, other than Wilson's complaint, which is insufficient to create the factual question necessary to survive summary judgment,[32] suggests that Wilson was treated differently because of his race or that he was terminated for a reason other than the legitimate, non-discriminatory one provided by HBC – unsatisfactory job performance.  Therefore, in light of this fact, and the fact that the time for Wilson for producing such evidence has passed,[33] the Court finds that HBC's motion for summary judgment should be granted.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Summary Judgement (Doc. 14) is hereby GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Judgment (Doc. 15) is hereby denied as moot.

**IT IS SO ORDERED**.

Dated this 29th day of December, 2010.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[32]*See* Adler, 144 F.3d at 671.

[33]D. Kan. R. 7.4(b).